UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOLENE GONSALVES,**

        **Plaintiff,**

v.                                            Case No:  6:17-cv-967-Orl-18-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION**

Jolene Gonsalves (Claimant) appeals the Commissioner of Social Security's final decision denying her applications for disability benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 23 at 9-20, 24-25. The Commissioner argues that the ALJ committed no legal error and that her decision is supported by substantial evidence and should be affirmed. *Id*. at 18, 20-25. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

**I.  Procedural History**

This case stems from Claimant's applications for disability insurance benefits and supplement security income, in which she alleged a disability onset date of January 1, 2012. R. 232-39. Claimant's applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ. The ALJ held a hearing, at which Claimant and her representative appeared. R. 62-91. The ALJ entered her decision on April 26, 2016, and the Appeals Council denied review on March 31, 2017. R. 3-6, 44-54. This appeal followed.

## II.     The ALJ's Decision

The ALJ found that Claimant suffered from the following severe impairments: disorders of the spine; status post surgery; history of diabetes mellitus; status post left knee surgery; and obesity.  R. 47.  The ALJ determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment.  *Id*.

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[1] with the following specific limitations:

> [The claimant has] the ability to lift and carry 20 pounds occasionally and 10 pounds frequently and to stand/walk for 4 hours and sit for 6 hours in an 8-hour workday with normal breaks.  She needs a sit/stand option, defined as allowing an individual to sit or stand alternately, at will, provided an individual is within employer tolerances for off task behavior.  The claimant is limited to occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling.  She needs to avoid climbing ladders, ropes, and scaffolds.  She needs to avoid concentrated exposure to extreme cold, humidity, poorly ventilated areas, use of moving machinery, unprotected heights, and environmental irritants, such as fumes, odors, dusts, and gases.

R. 48.  In light of this RFC, the ALJ found that Claimant was not able to perform her past relevant work, but she is able to perform other work in the national economy.  R. 52-54.  Thus, the ALJ concluded that Claimant was not disabled between her alleged disability onset date, January 1, 2012, through the date of the decision, April 26, 2016.  R. 54.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. §§ 404.1567(b), 416.967(b).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. Analysis

Claimant raises two assignments of error: 1) the ALJ erred by finding Claimant is not disabled; and 2) the ALJ erred by finding that Claimant's testimony concerning her pain and limitations not entirely credible. Doc. 23 at 9-20. The undersigned will address each assignment of error in turn.

#### A. Disability

Claimant's first assignment of error consists of an initial declaration that she is disabled, and then proceeds to discuss the standards and law that applies to steps three, four, and five of the

sequential evaluation process. Doc. 23 at 9-18. Claimant, however, does not raise a specific argument with respect to the ALJ's decision. *See id*. The Commissioner notes this omission and argues that the failure to "provide any specific grounds for reversal or remand in this case" is cause to reject Claimant's first assignment of error. *Id*. at 18.

Claimant's general assertion that she is disabled, which the undersigned construes as an argument that the ALJ's contrary determination is not supported by substantial evidence, is conclusory. The fact that Claimant spent nine pages discussing the standards and law that applies to steps three, four, and five of the sequential evaluation process does not alter the conclusory nature of her general argument, because her discussion of the standards and law is not tied to any specific arguments challenging the ALJ's decision (e.g., the ALJ erred in determining that she did not meet a listing, the ALJ erred in weighing the examining physician's opinion, or the ALJ erred by not applying the Grids). Thus, the undersigned finds that Claimant has waived whatever argument she may have been trying to raise in her first assignment of error by raising it in a conclusory manner. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, at 777 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Therefore, the undersigned recommends that the Court reject Claimant's first assignment of error.

### B. Credibility

Claimant argues that the ALJ failed to provide "adequate reasons" for discrediting Claimant's testimony. Doc. 23 at 18-20. The Commissioner argues that the ALJ provided specific

reasons in support of her credibility determination, and that her credibility determination is supported by substantial evidence. *Id*. at 20-24.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1); 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at §§ 404.1529(c)(1)-(3); 416.929(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *see* SSR 16-3p, 2016 WL 1237954 ("The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

The ALJ summarized Claimant's testimony as follows:

> [T]he claimant testified that she is 5 feet 3 inches tall and weighs 210 pounds. She has completed high school. She stated that she has worked in food preparation and she was self-employed from 2010 through 2012 as a truck driver for a yard service.
>
> The claimant testified that she is disabled due to a sore back when she does certain tasks or when she sits or stands for long periods. She has treated with Dr. Lee since 2013. She stated that she has diabetes and began treatment with insulin 2 months prior as prescribed by her primary care physician. She has had no surgeries or hospitalizations in the past year. She stated that she had prior knee surgery in October 2008 and her knee hurts when she drives. She had lumbar surgery in 2011 for a left herniated disc, but said her surgery did not help and she has left leg numbness.
>
> The claimant testified that she lives with her . . . children, ages 12, 8, and 4, and with her mother; and she is the primary caregiver for her children. She stated that she could lift 25 pounds, and sit for 30 minutes, stand for 30 minutes, as well as walk for 20 minutes before needing a break. She stated she has difficulty bending from the waist and climbing stairs. She has not been prescribed a cane or walker. In describing her daily activities, the claimant testified that she gets her children ready for school, takes them to school, cleans the house, cares for her 4-year-old child, does laundry, takes breaks and rests, watches television and picks up her children after school. She stated that she could care for her personal hygiene and dress herself, make simple meals, and shop for groceries. She said her children help with the housework. She has a driver's license without restrictions, and said she drives and goes to the park every 2 or 3 days. Her friends and family members visit with her. She stated that she likes to do arts and crafts at home, helps her daughter build puzzles, and makes flowerpots and flowers.

R. 48-49.[2] The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. 49. The ALJ proceeded to discuss the medical evidence of record, noting that many of her physical examinations were unremarkable and many of her symptoms were well

---

[2] Claimant does not challenge the accuracy of the ALJ's summation of her testimony. *See* Doc. 23.

controlled on medication. R. 49-51. The ALJ also provided the following explanation in support of her credibility determination, explaining:

> In assessing the claimant's testimony and statements, the totality of the evidence does not support the degree of limitation the claimant alleges or preclude all work activity. The claimant has described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. She is able to care for her personal needs independently and provide care for her 3 children, ages 12, 8 and 4, as the primary caregiver, which can be demanding physically. In particular, the claimant is home alone with her 4-year-old child daily, while her other children are in school and her mother is at work. The claimant is able to prepare simple meals, do laundry, and perform household chores with some assistance from her children. She is able to drive, and has an unrestricted license. She shops for groceries. Additionally, she acknowledges an ability to lift and carry 25 pounds consistent with the assessed residual functional capacity. Overall, the ability to perform this wide range of normal and ordinary activities of daily living is inconsistent with the alleged disabling conditions and inability to perform all work activity.
>
> A review of the claimant's earnings record shows a fairly consistent work history at least since 2007 (Exhibit 9D). Although her earnings from 2003 through 2010 are under the level of substantial gainful activity, her earnings in 2011 and 2012 are well above the substantial gainful activity level. Her earnings from 2012 above the substantial gainful activity level are inconsistent with the alleged disabling symptoms, as well as the medical and overall evidence of record discussed herein, which establish an ability for a reduced range of light exertional work since the alleged onset date. For example, the record does not show any medical treatment until 2013, and none specific to the back until 2014. The claimant had SGA level earnings through 2012. The claimant has been able to travel on [a] cruise and to Hawaii on separate occasions.

R. 51-52. Thus, the ALJ found that Claimant's allegations concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent" with the medical evidence, the nature and scope of her activities of daily living, and her performance of work during the relevant period. *Id*.

Claimant argues that the "ALJ failed to give adequate reasons as to why [s]he discredited [Claimant's] pain testimony in light of her ongoing left knee problem and her failed back surgery with resultant continuing left sided radiculopathy." Doc. 23 at 19. Claimant, however, does not

address the ALJ's foregoing discussion of Claimant's testimony and, consequently, does not challenge any of the specific reasons the ALJ gave for finding Claimant's testimony concerning the intensity, persistence and limiting effects of her symptoms not entirely consistent with the evidence of record. *See id*. at 19-20. Thus, Claimant has again waived whatever argument she may have been trying to raise in her second assignment of error by raising it in a conclusory manner. *See, e.g.*, *Jacobus*, 664 F. App'x at 777 n.2.; *N.L.R.B.*, 138 F.3d at 1422.

Notwithstanding Claimant's waiver, the ALJ provided several specific reasons in support of her credibility determination. R. 51-52. For example, the ALJ noted that Claimant's activities of daily living, which include her ability lift and carry 25 pounds and be a primary caregiver for her three minor children, were not entirely consistent with her testimony, which touched upon her back and knee impairments. *Id*. Upon review of the record, the undersigned finds that the reasons articulated by the ALJ in support of her credibility determination support that determination, and are supported by substantial evidence. Thus, the undersigned finds that the ALJ articulated good cause in finding Claimant's testimony "not entirely consistent" with the evidence of record, and that her reasons are supported by substantial evidence. *See Foote*, 67 F.3d at 156162 (reviewing court will not disturb credibility finding with sufficient evidentiary support). Therefore, the undersigned **RECOMMENDS** that the Court reject Claimant's second assignment of error.

V.   Conclusion

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 18, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy